IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Baltimore Field Office<br>10 S. Howard Street, 3rd Floor<br>Baltimore, Maryland 21201<br><br>　　　　　　Plaintiff,<br><br>v.<br><br><br><br>TNT INTERNATIONAL USA<br>TNT USA INC.<br>4861 Telsa Drive, Suites D-E<br>Bowie, Maryland, 20715<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>) **COMPLAINT**<br>)<br>) JURY TRIAL DEMAND<br>)<br>)<br>) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, Title I of the Civil Rights Act of 1991, and the Age Discrimination in Employment Act of 1967 to correct unlawful employment practices on the basis of disability and age and to provide appropriate relief to Jon Curry. As alleged with greater particularity in paragraph 9, below, the U.S. Equal Employment Opportunity Commission alleges that Defendant, TNT International USA, committed disability and age discrimination by denying Jon Curry reasonable accommodation and equal terms and conditions of employment, in pay and in promotion. Further, on July 2, 2004, Defendant unlawfully terminated Jon Curry because of her age (54) and disability (deafness), and in retaliation for requesting accommodations for her disability, and opposing Defendant's disability and age- based conduct.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. Section 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Sections 2000e-5(f)(1) and (3); pursuant to Section 503 (c) of the ADA, 42 U.S.C. § 12203(c); and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a. This action is also authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b)("ADEA"), which incorporates by reference Section 16(c) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 216(c).

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and Section 503 of Title V of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) by Section 503 (c) of the ADA, 42 U.S.C. §12203(c); and by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, TNT International USA (the "Employer"), has continuously been a Delaware corporation, doing business in the State of Maryland and the City of Bowie and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. §2000e(g) and (h); and Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## CONCILIATION

7. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

8. More than thirty (30) days prior to the institution of this lawsuit, Jon Curry filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Beginning June, 2002 and continuing to July, 2004, Defendant Employer engaged in unlawful employment practices at its BWI facility in Maryland in violation of Sections 102(a), (b)(1) and (b)(5)(A), and 503 of Title V of the ADA, 42 U.S.C. §§ 12112(a), (b)(1) and

(5)(A), and 12203; and Section 4 of the ADEA, 29 U.S.C. § 623 (a) (1) and (d).

The practices include failing to provide: (1) reasonable accommodations, (2) equal terms and conditions of employment in pay and promotion, and (3) unlawfully discharging Jon Curry, 54, and a qualified individual with a disability as defined by Section 101(8) of the ADA, 42 U.S.C. §12111(8), because of her disability, deafness, age, and in retaliation for requesting an accommodation for her deafness, and for opposing age-based discrimination.

10. The effect of the practices complained of in paragraph 9 has been to deprive Jon Curry, a qualified individual with a disability, of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability, deafness and age, 54.

11. The unlawful employment practices complained of in paragraph 9 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

12. As a direct and proximate result of these violations of her rights under the ADA, Jon Curry has suffered economic damages, including but not limited to lost wages, and expenses for job searches. In addition, she has suffered emotional pain, inconvenience, mental anguish, frustration, increased illness and physical pain, humiliation, and loss of enjoyment of life.

13. The unlawful employment practices complained of in paragraph 9 above were intentional.

14. The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of Jon Curry.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns

and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability or on the basis of age against individuals 40 years of age and older.

    B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and individuals 40 years of age and older and which eradicate the effects of its past and present unlawful employment practices;

    C.    Order Defendant to make whole Jon Curry by providing appropriate back pay and an equal sum as liquidated damages, and prejudgment interest to Jon Curry whose wages are being unlawfully withheld as a result of the acts complained of above, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

    D.    Order Defendant to reinstate Jon Curry or make her whole by providing her with front pay, in amounts to be determined at trial, to eradicate the effects of Defendant's unlawful employment practices;

    E.    Order Defendant to implement non-discriminatory, objective, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of disability or age, including that it will comply with all aspects of the ADA and ADEA and that it will not take any action against employees because they have exercised their rights under these statutes;

F.   Order Defendant to make whole Jon Curry by providing compensation for past pecuniary losses including job search expenses;

G.   Order Defendant to make whole Jon Curry by providing compensation for non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, increased illness and physical pain, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

H.   Order Defendant to pay to Jon Curry punitive damages for its callous indifference to her federally protected right to be free from disability based retaliation in the workplace;

I.   Grant such further relief as the Court deems necessary and proper; and

J.   Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

_____
JACQUELINE H. McNAIR
Regional Attorney

_____
DEBRA M. LAWRENCE
Supervisory Trial Attorney

_____
REGINA M. ANDREW, Bar No. 7756
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

6

Baltimore District Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2724